O'BRIEN & O'BRIEN, LLP
BY: JOHN J. O'BRIEN, III, ESQUIRE
IDENTIFICATION NO. 26110      ATTORNEY FOR THE DEFENDANTS
SUITE 201
257 E. LANCASTER AVENUE
WYNNEWOOD, PA 19096
(610) 896-6360

| | |
|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC<br>201 GIBRALTAR ROAD, SUITE 150<br>HORSHAM, PA 19044 | : IN THE UNITED STATES<br>: DISTRICT COURT FOR THE<br>: EASTERN DISTRICT OF<br>: PENNSYLVANIA |
| vs. | |
| JAMES R. WOLFSGRUBER<br>1190 S. WICKHAM ROAD<br>W. MELBOURNE, FL 32904<br>    and<br>JRW, INC.<br>1190 S. WICKHAM ROAD<br>W. MELBOURNE, FL 32904 | : CIVIL ACTION NO. 08-0369<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' AMENDED ANSWER
## TO PLAINTIFF'S COMPLAINT

1. Denied, the defendants are unable to determine the truth of this statement and proof will be demanded at the time of trial.

2. Denied as stated.

3. Denied as stated.

4. Denied, the Court does not have Jurisdiction because there is a pending state action and the plaintiff failed to allege what are the damages in excess of seventy five thousand ($75,000.00) dollars.

5. Denied, the alleged conduct that is the basis of this action arose in Florida.

6. Denied, the defendants are unable to determine the truth of this statement and proof will be demanded at the time of trial.

7. Denied, the defendants are unable to determine the truth of this statement and proof will be demanded at the time of trial.

8. Denied, the defendants are unable to determine the truth of this statement and proof will be demanded at the time of trial.

9. Denied, the defendants are unable to determine the truth of this statement and proof will be demanded at the time of trial.

10. Denied, the defendants are unable to determine the truth of this statement and proof will be demanded at the time of trial.

11. Admitted if this is the entire agreement.

12. Denied, as stated, this is a fact issue as to what are the terms of the agreement and the parties' understanding of the terms.

13. Denied, as stated, this is a fact issue as to what are the terms of the agreement and the parties' understanding of the terms.

14. Denied, the defendants did pay all the fees.

15. Denied, this is not a complete example of all correspondence.

16. Denied, the defendants did pay all the fees.

17. Denied, the plaintiff was in violation of the agreement.

18. Denied, the defendants did pay all the fees.

19. Denied, this is not a complete example of all correspondence.

20. Denied, the plaintiff was in violation of the agreement.

21. Denied, this is not a complete example of all correspondence.

22. Denied, the plaintiff was in violation of the agreement.

23. Denied, the plaintiff was in violation of the agreement.

24. Denied, the plaintiff was in violation of the agreement.

25. Denied, the plaintiff was in violation of the agreement and the defendants did not compete with any other Cottman store in the area.

26. Denied, the plaintiff was in violation of the agreement.

27. Denied, the defendants do not hold themselves out as a Cottman store.

28. Denied, the plaintiff was in violation of the agreement.

29. Denied, the plaintiff was in violation of the agreement.

30. Denied, this is a fact issue.

### COUNT I-TRADEMARK INFRINGEMENT

31. The defendants incorporate the previous answers as if set forth herein.

32. Denied, the plaintiff was in violation of the agreement.

33. Denied, the plaintiff was in violation of the agreement.

34. Denied, the plaintiff was in violation of the agreement.

35. Denied, the plaintiff was in violation of the agreement and this is a fact issue.

36. Denied, the defendants do not engage in any wrongful conduct.

37. Denied, the defendants do not engage in any wrongful conduct.

38. Denied, the defendants do not engage in any wrongful conduct.

39. Denied, the defendants do not engage in any wrongful conduct.

40. Denied, the defendants do not engage in any wrongful conduct.

41. Denied, the defendants do not engage in any wrongful conduct.

42. Denied, the defendants do not engage in any wrongful conduct.

## COUNT II-BREACH OF LICENSE AGREEMENT-SPECIFIC PERFORMANCE

43. The defendants incorporate the previous answers as if set forth herein.

44. Denied, the plaintiff was in violation of the agreement.

45. Denied, the plaintiff was in violation of the agreement.

46. Denied, the plaintiff was in violation of the agreement.

47. Denied, the plaintiff was in violation of the agreement.

48. Denied, the plaintiff was in violation of the agreement.

49. Denied, the plaintiff was in violation of the agreement.

## COUNT III-COMMON LAW UNFAIR COMPETITION

50. The defendants incorporate the previous answers as if set forth herein.

51. Denied, the plaintiff was in violation of the agreement.

52. Denied, the plaintiff was in violation of the agreement.

53. Denied, the plaintiff was in violation of the agreement.

54. Denied, the plaintiff was in violation of the agreement.

## COUNT IV-COSTS & ATTORNEY'S FEES

55. The defendants incorporate the previous answers as if set forth herein.

56. Denied, the plaintiff was in violation of the agreement.

57. Denied, the plaintiff was in violation of the agreement.

58. Denied, the plaintiff was in violation of the agreement.

59. Denied, the plaintiff was in violation of the agreement.

## COUNT V-DECLARATORY JUDGMENT

60. The defendants incorporate the previous answers as if set forth herein.

61. Denied, the plaintiff was in violation of the agreement.

62. Denied, the plaintiff was in violation of the agreement.

63. Denied, the plaintiff was in violation of the agreement.

64. Denied, the plaintiff was in violation of the agreement.

65. Denied, the plaintiff was in violation of the agreement.

66. Denied, the plaintiff was in violation of the agreement.

67. Denied, the plaintiff was in violation of the agreement.

68. Denied, the plaintiff was in violation of the agreement.

WHEREFORE, the defendants request that this action be dismissed.

## AFFIRMATIVE DEFENSES

69. The testimony at a April 22, 2008 hearing showed that the plaintiff breached the agreement when it did not supply advertising.

70. The testimony shows that the defendants are not in competition with any Cottman store.

71. The plaintiff failed to show any evidence that the defendants did not pay bills.

72. The plaintiff failed to show that it was attempting to open a new Cottman store in the area.

73. The plaintiff failed to show that any customers were confused.

74. The plaintiff failed to show improper use of the Cottman name.

75. The defendants reserve the right to assert other defenses that are revealed through discovery.

 

JOHN J. O'BRIEN, III, ESQUIRE
ATTORNEY FOR THE DEFENDANTS

O'BRIEN & O'BRIEN, LLP
BY: JOHN J. O'BRIEN, III, ESQUIRE
IDENTIFICATION NO. 26110          ATTORNEY FOR THE DEFENDANTS
SUITE 201
257 E. LANCASTER AVENUE
WYNNEWOOD, PA 19096
(610) 896-6360

| | |
|---|---|
| COTTMAN TRANSMISSION SYSTEMS, LLC | : IN THE UNITED STATES |
| | : DISTRICT COURT FOR THE |
| | : EASTERN DISTRICT OF |
| | : PENNSYLVANIA |
| vs. | |
| JAMES R. WOLFSGRUBER and JRW, INC. | : CIVIL ACTION NO. 08-0369 |

## VERIFICATION

I, JAMES R. WOLFSGRUBER, hereby verify that I make this Verification on my behalf I hereby certify that the facts set forth in the foregoing Defendants' Amended Answer to Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
JAMES R. WOLFSGRUBER

Dated: _____